MONMOUTH COUNTY PUBLISHING COMPANY, A CORPO-
RATION OF THE STATE OF NEW JERSEY, PLAINTIFF-
APPELLANT, v. COUNTY OF MONMOUTH, A MUNICI-
PAL CORPORATION OF THE STATE OF NEW JERSEY,
DEFENDANT-RESPONDENT.

Submitted October 27, 1939—Decided January 25, 1940.

For the plaintiff-appellant, *Thomas P. McKenna.*

For the defendant-respondent, *Snyder, Roberts & Pillsbury.*

The opinion of the court was delivered by

WELLS, J.   This is an appeal from a final judgment of the
Supreme Court entered upon the order of Circuit Court Judge
Robert V. Kinkead, sitting as Supreme Court Commissioner,
striking an amended complaint filed by the plaintiff-appellant.

The amended complaint in addition to the common counts,

alleged that the defendant County of Monmouth, was indebted to plaintiff for its services, at statutory rates, for printing and publishing during the years 1930, 1931 and 1932 official sheriff's sales advertisements, in plaintiff's newspaper, *The Daily Record;* and especially alleged that the County, acting by and through its then sheriff, William R. O'Brien, as its agent employed the services of plaintiff, who at the special instance and request of said County, and upon its credit, by the direction of said sheriff, who therein was acting as the agent of said County, and in pursuance to the duties required by law to be performed by the County, did print and publish the legal advertisements of notices of sales of properties as specified in the schedule annexed to said complaint and that said sales were conducted and the proceeds therefrom, including the costs of the said advertisements were duly accounted for to the County by said sheriff as required by law and were duly paid to and received by the County.

The defendant moved to strike the amended complaint on the ground that it did not disclose a cause of action against the defendant, in that:

1. There was no liability upon the County to pay the obligations incurred by William R. O'Brien as sheriff of the county;

2. That the services performed as alleged in said complaint were not rendered at or by the request of the County nor was there any obligation on the County to meet the same.

3. The allegations of said complaint were sham.

On its motion to strike the amended complaint the defendant submitted supporting affidavits that the records of the Board of Chosen Freeholders of said County disclosed no authority for the charges of plaintiff as set forth in the complaint, nor authorization to the plaintiff by the board obligating the County or agreeing to a payment for advertising fees incurred by Sheriff O'Brien during the period in question or at any time; nor any obligation by the County to plaintiff under the common counts and that the County did not receive any moneys for the use of the plaintiff and was not in any way obligated to the plaintiff for the payment of the sums set forth in the amended complaint. Despite the fact that

one of the grounds for striking the amended complaint was that the allegations thereof as a whole were sham, and notwithstanding the defendant's affidavits supporting said ground, the plaintiff submitted no counter-affidavit or other proof in support of the allegations of the complaint thus challenged except an affidavit by its collection manager to the effect that the orders which were received by the plaintiff for the advertisements of said sheriffs' sales were on letterheads containing at the top words "County of Monmouth office of the Sheriff, Freehold, N. J.," and this stationery was caused to be printed by the County at its expense and delivered by it to the sheriff's office for use in ordering and printing sheriffs' sales advertisements in the newspapers of Monmouth county. The obvious purpose of this affidavit was to indicate that the plaintiff provided the service on the credit of the county. This, however, is refuted by the bill rendered by plaintiff for this very service, a copy of which is attached to plaintiff's complaint as schedule "A," and is made out to "Mr. William R. O'Brien, sheriff," and not to the County of Monmouth.

Furthermore, while there was a specific allegation in the amended complaint that the sheriff collected the advertising costs in question as the agent of the county and turned them over as fees or costs to the County, yet this was denied in the affidavits of the defendant and no proof was offered by the plaintiff that the sheriff ever paid to the County any moneys collected by him for such advertisements.

It is not disputed that the sales so advertised were officially made by the sheriff as directed under various executions issued out of the courts of the state, that the sheriff himself caused the sales to be advertised in newspapers of the County, including that of the plaintiff as a part of his statutory duty and failed to pay the plaintiff, who is now seeking in this suit to fix liability on the County. This liability is predicated on chapter 53 of the public laws of 1906, page 76 (4 *Comp. Stat.* 1910, *p.* 4643), sections 38, *et seq. R. S.* 1937, 22:4-17. The 1906 act abolished the long standing fee system of compensating sheriffs and substituted in its place annual salaries. Section 38 of the act provides that the fees, costs, allow-

ances, percentages and all other perquisites of whatever kind which by law the sheriffs in counties other than counties of the first class may receive for any official acts or services rendered by such sheriffs or by any assistant, or other person in their office or employment, for any acts done or services rendered in connection with said offices, shall continue to be payable, and shall be received and collected by the sheriffs for the sole use of their respective counties, as public moneys belonging to the counties, and shall be accounted for by said sheriffs and paid over as such in manner provided by section 39 of the statute.

Section 40 provides that said sheriffs shall be personally liable to their respective counties for the payment of all such fees and costs as are mentioned in section 38 and that they may exact payment before performing any services and may receive from suitors, attorneys, &c., reasonable deposits in advance to answer such fees and costs.

Section 43 provides that the expenses incurred in executing writs are to be paid by the county.

We agree with the statement made by Judge Lawrence, on the application made to him to strike the original complaint, reported in 16 *N. J. Mis. R.* 123, that "under the act of 1906—the cost of advertising sales of property by virtue of levies made under executions issued and directed to them by courts of law or equity is clearly not within the category of costs or fees for which a sheriff is required to account to the county. * * * He was not required to do so, because it was not a fee to which a county was entitled as a part of the revenue of the office. That contemplated by the act of 1906 for which a sheriff was thereafter required to account for and turn over to the county was manifestly that which theretofore he retained as his own in compensation for duties performed or services rendered for which, under the law as it then was, he was entitled to charge a fee. The acts relating to fees and costs of the period and since indicate what such fees were and are."

All items and charges forming part of the fees, costs, &c., which must be turned over to the county are set forth and determined by the statute. Nowhere in said act or acts is

there any indication that the printing charges by newspapers were to be included as part of the sheriff's fees or costs.

The statute pertaining to the printing of sheriff's sales is set forth in *R. S.* 2:75-1 and under this statute no control whatsoever is exercised by the county for this advertising nor is any right or authority given to the county to designate the printing medium used by the sheriff.

"The sheriff considered as a mere ministerial officer has no authority in the absence of statute to pledge the credit of the county or create a county debt." 57 *Corp. Jur.* 789.

"A county is not liable for expenses incurred by the sheriff without authority although in connection with the performance of his duties." 57 *Corp. Jur.* 1134.

Vice-Chancellor Pitney in the case of *Daly* v. *Ely,* 53 *N. J. Eq.* 270, held that a sheriff in procuring an advertisement for a sheriff's sale on an execution issuing out of the Court of Chancery, was not acting as an officer of the county, but he was acting as a special officer of the Court of Chancery, and held further that the advertisement was not made by or on behalf of the county.

In the absence of any statutory requirements Judge Kinkead concluded that the sheriff in the instant case, if acting as an agent at all, was the agent of the various parties in placing these legal advertisemests, or perhaps the agent of the courts out of which the executions issued, but clearly not the agent of the County. We concur and are of the opinion that the amended complaint was properly stricken.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE. JJ. 15.

*For reversal*—None.